UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERNEST BILLIZONE, SR.**                                         **CIVIL ACTION**

**VERSUS**                                                         **NO. 16-12659**

**STATE OF LOUISIANA**                                      **SECTION: "F"(3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Ernest Billizone, Sr., is a state prisoner incarcerated at the Allen Correctional Center in Kinder, Louisiana. On September 25, 2015, he pleaded guilty to possession of cocaine and possession of a legend drug (Gabapentin) without a prescription under Louisiana law and was sentenced on each conviction to a concurrent term of forty months imprisonment. On that same date, he also pleaded guilty to being a third offender with respect to the cocaine conviction, and he

was resentenced on that conviction to a concurrent term of forty months imprisonment without benefit of probation or suspension of sentence.[1]

On February 29, 2016, petitioner was granted an out-of-time appeal.[2] On December 14, 2016, the Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences.[3]

While his direct appeal was still pending, petitioner filed the instant federal habeas corpus application in June of 2016.[4] The state thereafter filed a response in opposition.[5] Petitioner requested and was granted leave to file a reply to the state's response on or before December 8, 2016.[6] He instead filed a motion for leave to file an amended petition[7] and a motion for release pending resolution of his direct appeal.[8] On this date, the undersigned is issuing a separate order granting the former motion and denying the latter. Further, for the reasons noted below, it is recommended that petitioner's federal application, as amended, be dismissed.

As the state notes in its response, the statute of limitations poses no problem in the instant case. Federal law generally requires that a petitioner in custody pursuant to a state court judgment bring his federal habeas corpus claims within one year of the date on which that state judgment becomes "final." 28 U.S.C. § 2244(d)(1)(A). Moreover, when, as here, a petitioner has been granted an out-of-time appeal, his state criminal judgment is not final until the date on which the state court decision on that out-of-time appeal becomes final by the conclusion of direct review or

---

[1] State Rec., Vol. 2 of 7, transcript of September 25, 2015; State Rec., Vol. 1 of 7, minute entry dated September 25, 2016; State Rec., Vol. 1 of 7, guilty plea form; State Rec., Vol. 1 of 7, multiple bill guilty plea form.
[2] State Rec., Vol. 2 of 7, Order dated February 29, 2016.
[3] State v. Billizone, No. 16-KA-478, 2016 WL 7230093 (La. App. 5th Cir. Dec. 14, 2016).
[4] Rec. Docs. 1 and 8; see also Rec. Doc. 16.
[5] Rec. Doc. 17.
[6] Rec. Doc. 20.
[7] Rec. Doc. 21.
[8] Rec. Doc. 22.

the expiration of the time for seeking such review.  See Jimenez v. Quarterman, 555 U.S. 113 (2009).  As noted, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions and sentences on December 14, 2016.  However, he is still entitled to seek further direct review by the Louisiana Supreme Court and, ultimately, the United States Supreme Court if he desires.  Therefore, the state court judgment in the instant case is not yet final and most likely will not be final for an extended period of time.  Accordingly, petitioner's statute of limitations for seeking federal habeas corpus review has not even commenced, much less expired.

Nevertheless, as also noted in the state's response, petitioner clearly is not entitled to relief because his remedies in the state courts are not yet exhausted.  "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  Moreover, "total exhaustion" is required, meaning that the exhaustion requirement is not met unless each and every claim in the federal application is exhausted.  Rose v. Lundy, 455 U.S. 509 (1982).  The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.  Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Id. at 518 (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In Louisiana, the highest state court is the Louisiana Supreme Court. See La. Const. art. V, § 5(A). Because petitioner has not yet provided the Louisiana Supreme Court with a fair opportunity to consider the claims included in his instant federal application, he has failed to comply with the federal exhaustion requirement. Accordingly, his federal application should be dismissed on that basis.

## RECOMMENDATION

It is therefore **RECOMMENDED** the federal application for habeas corpus relief filed by Ernest Billizone, Sr., be **DISMISSED WITHOUT PREJUDICE** because he has not yet exhausted his remedies in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this sixteenth day of December, 2016.

                                                *Daniel E. Knowles, III*

                                          **DANIEL E. KNOWLES, III**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[9] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.